**EXHIBIT 3**

## *NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA*

CAUSE NO. 202162835

| | | |
|---|---|---|
| CRISTAL JARA, INDIVIDUALLY AND AS NEXT FRIEND AND LEGAL GUARDIAN OF A.I., A MINOR | § § § § | IN THE DISTRICT COURT |
| | § | 334TH JUDICIAL DISTRICT |
| VS. | § § | |
| UNITED AIRLINES, INC. AND NOVIE TAKAGI | § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Cristal Jara, Individually and as Next Friend and Legal Guardian of Alexander Olioli Epa Iosefa, a Minor ("Plaintiffs") file this Original Petition complaining of Defendants United Airlines, Inc. and Novie Takagi ("Defendants") and for cause of action state the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs state that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial of this matter. Accordingly, Plaintiffs tender the proper jury fee with the filing of Plaintiffs' Original Petition.

### PARTIES

3. Plaintiff Cristal Jara is an individual residing in Cancun City, Mexico. The last three digits of her driver's license are 980. Plaintiff Cristal Jara is the natural mother of Alexander Olioli Epa Iosefa, Minor, and appears herein Individually and as Next Friend and Legal Guardian of A.I., Minor. She brings this case individually for her own damages and as next

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

friend and legal guardian on behalf of Alexander Olioli Epa Iosefa, Minor, and for the medical expenses she incurred on Alexander Olioli Epa Iosefa's behalf.

4.    Defendant United Airlines, Inc. is an incorporated entity and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.    Defendant Novie Takagi is an individual who resides in Texas. No citation is requested at this time.

6.    Pursuant to TEX. R. CIV. P. 28, Plaintiffs hereby give Defendants notice that they are being sued in all business, common, trade, or assumed names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and/or private corporations. Plaintiffs hereby demand that upon answering this suit, Defendants answer in their correct legal name(s) and assumed name(s).

## VENUE AND JURISDICTION

7.    Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

8.    This lawsuit is based on a golf cart incident occurring on or about March 25, 2025, inside George Bush Intercontinental Airport, 2800 N. Terminal Road in Houston, Texas (hereinafter referred to as "The Collision"). At the time of the incident, Alexander Olioli Epa Iosefa, Minor was lawfully present in the E21 seating area and entered the lobby area. Defendant Novie Takagi was operating a golf cart in the area at an unsafe speed and without

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

maintaining proper lookout. Despite the presence of Alexander Olioli Epa Iosefa, Minor,

Defendant Novie Takagi failed to stop the golf cart, causing it to strike Alexander Olioli

Epa Iosefa, Minor from behind, resulting in Alexander Olioli Epa Iosefa, Minor's injuries.

9.    The Collision was proximately caused by the negligence and / or negligence *per se* of

Defendants.

## CAUSES OF ACTION

**Negligence and / or Negligence *Per Se* and *Respondeat Superior***

10.    At the time of The Collision, Defendant Novie Takagi was negligent and / or negligent *per*

*se* in one or more of the following particulars:

a.    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    In failing to timely apply the brakes of the golf cart in order to avoid the collision in question;

c.    In driving the golf cart at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.    In failing to yield the right-of-way;

e.    In failing to maintain the golf cart under control;

f.    In following too closely;

g.    In disregarding traffic signals;

h.    In failing to take proper evasive action;

i.    In driving while looking at her cell phone, texting, emailing, or otherwise using a cellular device which diverted her attention from the area in front of her; and

j.    In violating applicable safety regulations, policies, and procedures governing the operation of golf carts within the facility.

11.    At the time of The Collision, Defendant Novie Takagi was an employee of Defendant

United Airlines, Inc. Defendant United Airlines, Inc.'s employee was acting within the

course and scope of such employment at the time of The Collision and at all relevant times

prior thereto. As such, Defendant United Airlines, Inc. is legally responsible for its driver's

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

negligence and negligence *per se* under the doctrine of *respondeat superior* or vicarious liability.

12.     Defendant United Airlines, Inc. was negligent in hiring Defendant Novie Takagi as a driver and negligent in allowing her to continue driving golf carts for it when Defendant United Airlines, Inc. reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant Novie Takagi. Effective training would have prevented The Collision. Additionally, Defendant United Airlines, Inc. was negligent in its safety teaching, collision prevention, and the operation of its company golf cart system. Such negligence, singularly or in combination with others, proximately caused The Collision.

13.     Defendant United Airlines, Inc. was negligent in entrusting and providing an unsafe golf cart to Defendant Novie Takagi when it clearly knew or should have known that the unsafe golf cart would pose unreasonable risk of harm to other pedestrians and other persons in the facility. The unsafe condition was due to the mechanical failure of the golf cart, which resulted from the negligence of Defendant United Airlines, Inc. in failing to properly maintain and/or inspect the golf cart. Such negligence was a proximate cause of Plaintiffs' injuries and damages.

14.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiffs' injuries and damages.

## PERSONAL INJURIES AND DAMAGES

15.     As a result of Defendants' negligent actions, Alexander Olioli Epa Iosefa, Minor suffered

Plaintiffs' Original Petition - Page 4 of 7

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

personal injuries. Consequently, Cristal Jara, as Next Friend and Legal Guardian of Alexander Olioli Epa Iosefa, Minor seeks recovery of the following damages:

a.    Medical Expenses: Alexander Olioli Epa Iosefa, Minor incurred bodily injuries which were caused by The Collision and Cristal Jara incurred medical expenses for treatment of such injuries. Cristal Jara believes that, in reasonable medical probability such injuries will require the need for future medical care.

b.    Physical Pain: Alexander Olioli Epa Iosefa, Minor endured physical pain as a result of the personal injuries sustained in The Collision and Cristal Jara reasonably anticipates such pain will continue in the future.

c.    Mental Anguish: Alexander Olioli Epa Iosefa, Minor endured mental anguish as a result of the personal injuries sustained in The Collision and Cristal Jara reasonably anticipates such mental anguish will continue in the future.

d.    Disfigurement: Alexander Olioli Epa Iosefa, Minor endured disfigurement as a result of the personal injuries sustained in The Collision and Cristal Jara reasonably anticipates such will continue in the future.

e.    Impairment: Alexander Olioli Epa Iosefa, Minor endured physical impairment as a result of the personal injuries sustained in The Collision and Cristal Jara reasonably anticipates such in the future.

## AGGRAVATION

16.    In the alternative, if it be shown that Alexander Olioli Epa Iosefa, Minor suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## U.S. LIFE TABLES

17.    Notice is hereby given to the Defendants that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

Report in the trial of this matter. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

18. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

19. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that Plaintiffs seek monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiffs will be in a better position to give the maximum amount of damages sought.

20. Plaintiffs request that Defendants be cited to appear and answer, and that this case be tried after which Plaintiffs recover:

    a.   Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;

    b.   Pre-judgment interest at the maximum amount allowed by law;

    c.   Post-judgment interest at the maximum rate allowed by law;

    d.   Costs of suit; and

    e.   Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REYES BROWNE LAW**

_/s/ Spencer P. Browne_
**Spencer P. Browne**

**\*NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA\***

State Bar No. 24040589
**Ryan J Browne**
State Bar No. 00796262
**Alex Ivanov**
State Bar No. 24122529
**Nathan Villarreal**
State Bar No. 24121879
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
ryan@reyeslaw.com
alex@reyeslaw.com
nvillarreal@reyeslaw.com

**ATTORNEYS FOR PLAINTIFFS**